UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-24802-RAR

**SECURITIES AND EXCHANGE COMMISSION**,

    Plaintiff,

v.

**STEVE A. SMITH, JR.,** and
**XTREME FIGHTING CHAMPIONSHIPS, INC.,**

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant Steve A. Smith, Jr.'s *pro se* Motion for Extension of Time and Appointment of Counsel, [ECF No. 6] ("Motion"). In the Motion, Defendant Smith requests an extension of time to file a response or answer to the Complaint, [ECF No. 1], and asks the Court to appoint counsel to represent him. *Id.* at ¶¶ 1, 2. However, there is no right to appointment of counsel in civil cases. *See Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N.C.*, 452 U.S. 18, 27 (1981) ("[T]here is a right to appointed counsel only where the indigent, if he is unsuccessful, may lose his personal freedom."); *see also United States v. McAnlis*, 721 F.2d 334, 337 (11th Cir. 1983) ("The right to counsel exists if the litigant may lose his physical liberty if he loses the litigation."). However, the Court will construe Defendant Smith's Motion as one for referral to the Volunteer Attorney Program. Accordingly, the Court having carefully considered the Motion, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

    1.    The request for appointment of counsel is **DENIED**.

    2.    On or before **January 29, 2025**, Defendant Smith shall obtain counsel or provide notice that he intends to represent himself *pro se*, during which time any pending deadlines will

be stayed. Failure by Defendant Smith to comply with this Order by this deadline may result in sanctions, including but not limited to the entry of default against Defendant Smith for failure to comply with the Court's Order.

3. The Court will lift the aforementioned stay and reinstate Defendant Smith's deadline to file a response or answer to the Complaint—whether represented by counsel or proceeding *pro se*—after January 29, 2025.

4. This matter is hereby **REFERRED** to the Court's **Volunteer Attorney Program**, where a volunteer attorney may accept the representation of Plaintiff on a *pro bono* basis if so desired. The Clerk of Court is directed to obtain a description of the case and contact information from the file to post on the Court's website of available *pro bono* cases seeking volunteer lawyers. If the representation is accepted, the volunteer attorney shall enter an appearance in the case and thereafter will be eligible for reimbursement of reasonable litigation expenses pursuant to the Court's Reimbursement Guidelines for Volunteer Counsel. Plaintiff is cautioned that a referral to the Volunteer Attorney Program does not guarantee that he will obtain legal representation.

5. **Regardless of whether Defendant Smith obtains counsel through the Volunteer Attorney Program, he shall comply with the deadlines set forth above. Failure to do so may result in the entry of sanctions, including default, against Defendant Smith.**

**DONE AND ORDERED** in Miami, Florida this 8th day of January, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**